IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricardo Fishbourne,<br><br>    Plaintiff,<br><br>v.<br><br>Director Brian Stirling; Regional Director Willie Davis; Lt. Florenia Jones; Lt. Miquel Cleveland; J. Jackson; Alexandria Jackson; A. Banks; Lt. Randy Ward; Warden Kenneth Nelson; John Doe; Shadaya S. Jackson; Adam Edwards Jr.; Ofc. J.C. Williams; Dr. Spencer F. Robinson; Prisma Health; Dr. Paul G. Thomas; Anntria Banks; Curtis Simpson Jr.; John Doe,<br><br>    Defendants. | C/A No.: 8:25-cv-1412-JFA<br><br>**ORDER** |

I. **INTRODUCTION**

Ricardo Fishbourne (Plaintiff), proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 1983 for alleged constitutional violations occurring during his confinement at Broad River Correctional Institution. (ECF No. 1).[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

---

[1] Plaintiff previously litigated the same set of facts in *Fishburne v. Stirling*, C/A No. 8:23-cv-5469-TMC (D.S.C.). Plaintiff's prior action was dismissed without prejudice for failure to exhaust administrative remedies. *Id.*, (ECF No. 212).

On March 26, 2025, Plaintiff filed a motion to proceed *in forma pauperis* (IFP)[2], arguing that he is unable to pay the requisite fees to proceed in this litigation. (ECF No. 7). Additionally, Plaintiff preemptively submitted a document arguing that this case is exempt from the Prison Litigation Reform Act's (PLRA) "three-strikes" rule. (ECF No. 9).

After considering Plaintiff's motion and supporting material, the Magistrate Judge issued a thorough Report and Recommendation (Report), recommending that the Court deny Plaintiff's IFP motion as barred by the three-strikes rule. (ECF No. 11). Plaintiff subsequently filed two sets of objections. (ECF Nos. 15 & 20). Therefore, this matter is ripe for review.

## II.    FACTS

Plaintiff is an inmate housed at Lieber Correctional Institution (LCI) in Ridgeville, South Carolina. (ECF No. 1-3, pg. 2). Plaintiff's claims concern a March 10, 2022, incident at Plaintiff's former housing facility, Broad River Correctional Institution (BRCI), where alleged prison gang members stabbed Plaintiff in the mouth, chest, and hand. (ECF No. 1, pg. 4); (ECF 1-3, pg. 6). Plaintiff sustained serious injuries during the attack, resulting in his emergency transport to Prisma Health Hospital. (ECF No. 1-3, pg. 6).

---

[2] 28 U.S.C. § 1915(a)(1) permits a litigant to commence a federal civil action without prepayment of fees when the litigant submits an affidavit stating that they cannot afford the requisite fees. 28 U.S.C. § 1915(a)(1).

Plaintiff alleges that the gang members attacked him after he "disrespected" BRCI Officer Alexandria Jackson (Defendant Jackson). (ECF No. 1, pg. 4). Further, Plaintiff alleges that Defendant Jackson observed one inmate attack Plaintiff and then left her post before the remaining assailants joined. *Id.* at 4–5. Plaintiff argues that the attack would not have occurred but for Defendant Jackson abandoning her post. *Id.* at 6. Further, Plaintiff contends that Defendant Jackson knew or should have known that Plaintiff was vulnerable to attacks because Plaintiff endured previous violent altercations at BRCI. *Id.*

On March 7, 2025, Plaintiff filed this lawsuit alleging that the conduct of Defendant Jackson and the remaining named defendants constitutes "cruel and unusual treatment," a "failure to protect," "deliberate indifference," and "medical malpractice" in violation of the Eighth and Fourteenth Amendments. (ECF No. 1-3, pg. 4). On March 10, 2025, the Magistrate Judge instructed Plaintiff to pay the filing fee or file an application to proceed without prepayment of the filing fee. (ECF No. 5). Plaintiff subsequently filed his IFP motion and supporting documents. (ECF Nos. 7 & 9). Thereafter, the Magistrate Judge issued the Report recommending that the Court: (1) deny Plaintiff's motion; and (2) require Plaintiff to pay the filing fee of $405. For the reasons discussed below, the Court declines to adopt the Report and recommits the case back to the Magistrate Judge for further proceedings.

### III.  LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify,

in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## IV.     DISCUSSION

The Magistrate Judge opined that Plaintiff is barred from proceeding IFP because of 28 U.S.C. § 1915(g)'s "three-strikes" rule. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Magistrate Judge identified at least three prior lawsuits[3] which count as "strikes" under § 1915(g):

1. *Fishbourne v. Colleton Cnty. Sol. Off.*, C/A No. 2:20-cv-122-TMC-JDA, ECF No. 50 (D.S.C. Apr. 7, 2020) (strike because dismissed as frivolous and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)); *see Brunson v. Stein*, 116 F.4th 301, 309 (4th Cir. 2024) ("[T]he dismissal of an action under *Heck* is a dismissal for failure to state claim and thus a strike under the PLRA.").

---

[3] The Magistrate Judge also noted that Plaintiff has filed at least eleven cases in this district, several of which qualify as strikes under the PLRA.

2. *Fishbourne v. F.B.I.*, C/A No. 8:20-cv-1480-TMC-JDA, ECF No. 26 (D.S.C. May 28, 2020) (strike because dismissed for failure to state a claim and as frivolous).

3. *Fishbourne v. Williams*, C/A No. 8:21-cv-2964-TMC-JDA, ECF No. 29 (D.S.C. Jun. 30, 2022) (strike because dismissed as frivolous).

Accordingly, Plaintiff cannot proceed IFP unless his claim satisfies the exception for imminent physical harm provided by the three-strikes rule. *See* 28 U.S.C. § 1915(g). The Magistrate Judge concluded that Plaintiff's complaint and submission in support of his IFP application fail to allege facts supporting Plaintiff's imminent danger of serious physical injury.

"The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Holley v. Combs*, 134 F.4th 142, 145 (4th Cir. 2025). Accordingly, while courts have "broad discretion" to decide whether a litigant confronts imminent danger sufficient to overcome the three-strikes rule, *Hall v. U.S.*, 44 F.4th 218, 224 (4th Cir. 2022), they must accept "well-pleaded allegations as true." *Holley*, 134 F.4th at 145.

To show imminent danger of physical harm, the litigant must "allege sufficient specific facts to demonstrate a nexus between the claims presented and the imminent danger alleged." *Hall*, 44 F.4th at 230. Generally, the alleged imminent danger must "exist contemporaneously when the action is filed." *Id.* at 224. However, courts may consider allegations of "past dangers or past threats of danger" when assessing alleged imminent danger. *Id.* Although "past allegations of danger or threats of harm on their own are insufficient to satisfy the [three-strikes] exception," allegations of an ongoing

"pattern of past conduct that places an incarcerated person in imminent danger of harm," satisfy the three-strikes exception. *Id.* (citing *Newkirk v. Kiser*, 812 Fed.Appx. 159, 160 (2020) ("A prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the ongoing danger standard and meet the imminence prong of the three-strikes exception.")) (internal quotations omitted).

Relying on "cursory assertions" of imminent danger alleged in the complaint and the material in support of Plaintiff's IFP motion, the Magistrate Judge found that Plaintiff did not adequately allege imminent danger sufficient to satisfy the three-strikes exception. (ECF No. 11, pgs. 9–10). The Court agrees that Plaintiff's original filings largely consist of conclusory allegations of imminent danger unsupported by specific factual allegations. However, Plaintiff has since filed several objections to the Report that allege imminent danger with sufficient specificity.

Plaintiff maintains that the injuries giving rise to this lawsuit would not have occurred but for Defendant Jackson's post abandonment. Plaintiff now alleges that officers "frequently" leave their housing wing assignments for "hours" at LCI because of staff shortages. (ECF No. 15, pg. 7). Further, Plaintiff claims that one of the March 10 assailants, JJ Bethel, is detained at LCI with Plaintiff. (ECF No. 20, pgs. 1–2).

Additionally, Plaintiff notes that he has been a victim of other violent attacks and threats. Specifically, Plaintiff cites an incident where an inmate stabbed Plaintiff in the arm, resulting in SCDC ordering a "separation." (ECF No. 1-5, pg. 29). Further, Plaintiff

identifies three inmates who threatened Plaintiff and broke the television in front of Plaintiff's cell. (ECF No. 20, pg. 4).

Plaintiff's allegations, accepted as true, support the plausibility of imminent danger of physical harm. Plaintiff alleges an ongoing state practice of officers abandoning assigned posts, which he maintains caused the injuries giving rise to this lawsuit. If LCI officials habitually abandon their posts, a victim of prior violence and violent threats is vulnerable to future physical harm, particularly when the victim is housed with a former assailant. Because the Court must liberally construe pro se litigant filings, it interprets the additional factual allegations contained in Plaintiff's objections as a motion to amend the complaint pursuant to Federal Civil Procedure Rule 15(a)(2). Fed. R. Civ. P. 15(a)(2); *see U.S. v. Brown*, 797 F.App'x 85, 89 (4th Cir. 2019) ("Federal courts are obliged to liberally construe filings by pro se litigants."); *see also Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (instructing courts to give plaintiffs "every opportunity to cure [] formal [pleading] defects"); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."). Therefore, the Court finds that Plaintiff has pled facts sufficient to support an ongoing practice that has injured him. Accordingly, Plaintiff may proceed IFP, despite having "three strikes" under the PLRA.

## V. **CONCLUSION**

Based on the foregoing, the Court declines to adopt the Report and recommits this case to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

May 20, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge