IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricardo Fishbourne,<br><br>      Plaintiff,<br><br>v.<br><br>Director Brian Stirling, Regional Director Willie Davis, Lt. Florenia Jones, Lt. Miquel Cleveland, Alexandria Jackson, A. Banks, Lt. Randy Ward, Warden Kenneth Nelson, Jane/John Doe (c066525), Shadaya S. Jackson, Adam Edwards, Jr., Ofc. J.C. Williams, Dr. Spencer F. Robinson, Prisma Health, Dr. Paul G. Thomas, Curtis Simpson, Jr., John Doe (c058331), Ms. Booker/Brooker, Timothy Clark, Warden Brian Kendall, K. Hawley,<br><br>      Defendants. | C/A No.: 8:25-cv-1412-JFA<br><br><br>**ORDER** |

## I.    INTRODUCTION

Within his Amended Complaint, Ricardo Fishbourne (Plaintiff), proceeding *pro se*, asserts claims pursuant to 28 U.S.C. § 1983 for alleged constitutional violations occurring during his confinement at Broad River Correctional Institution. (ECF No. 42). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Specifically, the Magistrate Judge assigned to this action performed an initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute

1

allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Accordingly, the Magistrate Judge reviewed Plaintiff's Amended Complaint and prepared a thorough Report and Recommendation ("Report"). (ECF No. 50). Within the Report, the Magistrate Judge opines that Defendants Brian Stirling ("Stirling"), Willie Davis ("Davis"), Timothy Clark ("Clark"), Brian Kendall ("Kendall"), Miquel Cleveland ("Cleveland"), Jane Doe (c066525) ("Jane Doe"), J.C. Williams ("Williams"), John Doe (c058331) ("John Doe"), Ms. Booker/Brooker ("Booker"), K. Hawley ("Hawley"), Prisma Health ("Prisma"), Dr. Spencer F. Robinson ("Robinson"), Dr. Paul G. Thomas ("Thomas"), Adam Edwards ("Edwards"), Curtis Simpson ("Simpson") are entitled to dismissal from this action. The Report consequently concludes that the action should remain pending against Defendants Alexandria Jackson ("A. Jackson"), Lt. Banks ("Banks"), Shadaya Jackson ("S. Jackson"), Lt. Randy Ward ("Ward"), Warden Kenneth Nelson ("Nelson"), and Florenia Jones ("Jones").

Later, the Magistrate Judge issued a separate Report and Recommendation ("Second Report") opining that a Motion to Dismiss filed by Prisma Health, Spencer F. Robinson, and Paul G. Thomas (the "Medical Defendants") should be granted for the same reasons outlined in the original Report. (ECF No. 66). Because this Second Report contains analysis previously covered in the First Report, both matters may be addressed in this Order.

In response to both Reports, Plaintiff filed numerous objections with dozens of pages of attachments (ECF Nos. 58-64, 70, 74, 101). Accordingly, this matter is ripe for review.

## II.     FACTUAL AND PROCEDURAL HISTORY

On June 25, 2025, Plaintiff filed an Amended Complaint, which is comprised of a standard form and a document containing Plaintiff's allegations. (ECF Nos. 42; 42-2). Plaintiff also attached 99 pages of exhibits. (ECF No. 42-3). The relevant facts taken from these filings are thoroughly outlined in the Report and incorporated herein. (ECF No. 50). Although a full factual recitation is unnecessary, a short summary of the claims at issue is helpful in analyzing Plaintiff's objections.

Plaintiff is an inmate housed at Lieber Correctional Institution ("Lieber") in Ridgeville, South Carolina. Plaintiff's claims concern a March 10, 2022, incident at Plaintiff's former housing facility, Broad River Correctional Institution ("BRCI"), where alleged prison gang members stabbed Plaintiff multiple times. Plaintiff sustained serious injuries during the attack, resulting in his emergency transport to Prisma Health Hospital.

Plaintiff alleges that the gang members attacked him after he "disrespected" BRCI Officer A. Jackson. Further, Plaintiff alleges that A. Jackson observed one inmate attack Plaintiff and then left her post before the remaining assailants joined. Plaintiff argues that the attack would not have occurred but for A. Jackson abandoning her post. Further, Plaintiff contends that A. Jackson knew or should have known that Plaintiff was vulnerable to attacks because Plaintiff endured previous violent altercations at BRCI. *Id.*

Plaintiff advances similar allegations as to many other Defendants generally averring that they failed to protect him from attack despite knowledge that he was subject to animosity from other inmates. For instance, Plaintiff contends harm resulted because he was denied protective custody by Hawley, Clark, and Kendall on August 19, 2021, while at Lieber.

Plaintiff contends that Nelson is subject to supervisory liability for A. Jackson's failure to protect because Plaintiff had written to Nelson to advise him of Plaintiff's risk of harm.

Plaintiff asserts that Davis and Stirling are liable under a supervisory liability theory because they knew their subordinates were engaged in conduct that created a pervasive and unreasonable risk of constitutional injury because they failed to evaluate request to staff member ("RTSM") forms and automated request to staff member ("ARTSM") forms that reported a risk of harm about Plaintiff "being hunted from prison to prison with cellphones, forced labor, and assaults." (ECF No. 42-2 at 11).

Plaintiff claims that Jane Doe failed to protect Plaintiff by denying him protective custody on October 6, 2021, when he first arrived at BRCI. *Id*. at 12.

Plaintiff contends that John Doe failed to protect Plaintiff by forcing him out of lockup on October 5, 2021. *Id*. at 14.

Plaintiff asserts S. Jackson failed to protect or do anything to prevent harm despite being on notice of ongoing hostilities with gangs at BRCI since 2016.

Plaintiff contends that Booker, Williams, Jones, S. Jackson, Cleveland, and Nelson ignored Plaintiff's request for protective custody on October 6, 2021, upon his arrival at BRCI. *Id.* at 17.

Plaintiff contends that Ward and Nelson's failure to interview him for protective custody constituted a failure to protect, deliberate indifference, and deprivation of Plaintiff's equal protection rights. *Id*.

Plaintiff contends that Jones failed to protect Plaintiff because, upon Plaintiff's arrival at BRCI on October 6, 2021, Jones knew about the "ongoing hostilities with inmates at BRCI" because she processed paperwork on July 24, 2016. *Id*. at 22–23.

Additionally, Plaintiff purports to bring state law claims for medical malpractice under S.C. Code § 15-3-545, medical negligence, and the "common knowledge exception" under S.C. Code § 15-36-125 against Dr. Thomas, Dr. Robinson, Prisma, Simpson, and Edwards. *Id*. at 24. Plaintiff alleges that, on March 10, 2022, he was discharged from Prisma even though he was "unstable." *Id*. Later, Plaintiff needed to return to Prisma "due to heavy bleeding from his mouth." *Id.* Plaintiff had a broken jaw and some of his teeth were pulled out in the hospital, and he was "dripping blood everywhere." *Id.*

Plaintiff ultimately contends that he suffered two separate injuries on March 10, 2022—(1) the assault at 9:30 am and (2) the medical malpractice from surgery and complication post-surgery at 7:30–8:00 pm. *Id.*

III. **LEGAL STANDARD**

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

6

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## IV.  DISCUSSION

In response to the Reports, Plaintiff asserts a litany of objections accompanied by numerous exhibits. With Plaintiff's *pro se* status in mind, the Court has endeavored to construe the arguments in Plaintiff's multiplicitous filings as specific objections to the extent possible. Each of Plaintiff's contentions is addressed below.

### a.  First Report

ECF No. 58

In his first filing (ECF No. 58), Plaintiff takes issue with the Report's analysis concerning the dismissal of the medical malpractice claims. Plaintiff avers the Report "failed to address the medical negligence claims." Plaintiff's argument discounts the fact that the Report construed all of Plaintiff's medical claims as medical malpractice claims given his allegations of improper treatment and diagnosis. Accordingly, Plaintiff's filings

do not contain "medical negligence" claims despite the label Plaintiff seeks to impose here. *See, e.g.*, *Thomas v. United States*, C/A No. 2:18-cv-00671-RMG, 2019 WL 643484, at *2 (D.S.C. Feb. 15, 2019) ("[C]ourts in this district have construed alleged negligence claims as ones for medical malpractice where Plaintiffs allege misdiagnosis, improper treatment, or failure to diagnose.").

Despite Plaintiff's claims that his complaint alleges mere negligence, the substance of his claim controls—not he labels he provides. Each of Plaintiff's claims resulting from his improper medical care after being discharged from Prisma are grounded in medical malpractice. Plaintiff specifically alleges he was improperly diagnosed as being in stable condition and allowed to leave the hospital with specific medical instructions. A physician's diagnoses, treatment, and medical instructions readily sound in medical malpractice and are not common knowledge as Plaintiff avers. Accordingly, Plaintiff is required to comply with the pre-filing requirements necessary to support those claims. *See* S.C. Code Ann. § 15-36-100(B). Because he has failed to do so, those claims are subject to dismissal as shown in the Report.

Plaintiff also objects to the Report's conclusion that the Amended Complaint fails to state a claim against Edwards and Simpson for deliberate indifference and cruel and unusual punishment. However, the Report correctly analyzes Plaintiff's allegation that, prior to leaving the hospital, Edwards and Simpson "did do their duty" to discuss the situation with Plaintiff's doctors. Plaintiff's allegations to the contrary fail to show any error in the Report. Plaintiff appears to take issue with the fact that guards other than

Edwards and Simpson returned him to the hospital after a nurse at BRCI later inspected his wounds. Plaintiff's preference of an expedited return trip to the hospital prior to examination by the nurse does not amount to deliberate indifference to a serious medical need. Plaintiff's allegations show Edwards and Simpson received instructions from the Prisma physicians and returned Plaintiff to BRCI after being assured Plaintiff's bleeding was stable. Plaintiff was released into the care of others and later seen by a nurse who instructed he be returned to the hospital. Nothing in Plaintiff's claims indicate that Edwards and Simpson were indifferent to Plaintiff's medical needs. Accordingly, the objections within ECF No. 58 are overruled.

ECF No. 59

Within ECF No. 59, Plaintiff objects to the recommended dismissal of Stirling, Davis, Clark, Kendall, Hawley, Cleveland, Jane Doe, John Doe, Williams, Booker, Prisma, Robinson, Thomas, Edwards, and Simpson. (ECF No. 59, p.1).

Specifically, Plaintiff objects to "T. Clark, B. Stirling, and B. Kendalls dismissal for failure to protect." *Id*. Plaintiff essentially claims prior filings and reports have put these individuals on notice that Plaintiff needed additional protection while incarcerated at any prison in SCDC. Plaintiff specifically objects to the dismissal of any supervisory liability claims as to Davis and Stirling.

Plaintiff's objections aver that he has indeed shown a causal link between his injuries and Stirling and Davis. The crux of Plaintiff's arguments is that his prior allegations of general violence and fear for his safety triggered a duty as to Clark and

9

Stirling to provide him with heightened security at any SCDC location into perpetuity. As the Report properly noted, these broad allegations of a failure to investigate lack the necessary personal involvement and causal link needed to sustain a claim. *See Primus v. Stirling*, C/A No. 1:13-cv-415-JFA-SVH, 2014 WL 12538158, at *2 (D.S.C. May 7, 2014) ("The complaint fails to allege Defendant Stirling was personally involved in the alleged violation of Plaintiff's constitutional right to due process, and Defendant Stirling's broad supervisory responsibilities as SCDC Director do not impose supervisory liability under § 1983."), *R&R adopted by* 2014 WL 12538157 (D.S.C. July 29, 2014), *aff'd*, 583 F. App'x 250 (4th Cir. 2014). Simply stated, Plaintiff's general fears of danger are insufficient to show these defendants are constitutionally liable for a failure to protect claim. Thus, this objection is overruled.

Plaintiff also takes issue with the Report's analysis as to Clark, Hawley, and Kendall's failure to protect and equal protection violation. Here, Plaintiff essentially alleges these individuals were responsible for ensuring he received additional protection at any SCDC facility statewide. However, this assertion ignores the fact that Clark, Hawley, and Kendall are all employed at Lieber Correctional Institution. As the Report correctly notes, although Plaintiff alleges that he requested protective custody while at Lieber on August 19, 2021, prior to his transfer to BRCI, Plaintiff has not alleged facts showing any connection between his alleged injuries or risk of harm at BRCI and the refusal of Clark, Hawley, and Kendall to grant Plaintiff's request for protective custody. Thus, Plaintiff has yet again failed to allege facts showing Clark, Hawley, and Kendall were aware of a risk

10

of harm to Plaintiff at BRCI and failed to protect him. Nor can he, as there are no facts showing that any risk of harm to Plaintiff at BRCI was apparent at the time Plaintiff requested protective custody on August 19, 2021, while at Lieber. Accordingly, this objection is overruled.

ECF No. 60

In ECF No. 60, Plaintiff lodges objections related to the Report's analysis of claims as to Williams, McCleveland, Booker, Jane Doe, and John Doe.

Here again, Plaintiff offers allegations that these Defendants were put on notice of potential violence simply by Plaintiff requesting additional protection upon entrance to BRCI. Despite Plaintiff's general allegations, the Report makes clear that subjective awareness of only some risk of harm to a prisoner is insufficient for a deliberate-indifference claim. Plaintiffs claiming deliberate indifference must show the official in question possessed enough details about a threat to enable him to conclude that it presents a strong likelihood of injury, not a mere possibility. (ECF No. 50, p. 16 quoting *Battle v. S.C. Dep't of Corr.*, C/A No. 9:19-cv-1739-TMC, 2021 WL 4167509, at *9–10 (D.S.C. Sept. 14, 2021) (internal citations and markings omitted). The court agrees the Plaintiff's general concern for his safety does not render these Defendants liable for failure to protect. The Report properly concluded that Plaintiff essentially asserts that he requested protective custody from these Defendants on the very day that he was transferred to BRCI due to alleged assaults occurring over 5 years prior, but they denied his requests. He fails to show they had any knowledge of a specific danger which would have required them to act. Thus,

11

Plaintiff has not alleged facts against these Defendants to establish a failure-to-protect claim that is plausible. Accordingly, Plaintiff's objection is overruled.

ECF No. 61

In ECF No. 61, Plaintiff objects to the dismissal of medical negligence claims as to Prisma, Robinson, and Thomas. As above, Plaintiff takes issue with Report's classification of his claims as medical malpractice instead of medical negligence. Plaintiff avers his claims include ministerial or routine care and therefore do not need expert opinions. Plaintiff is incorrect. Plaintiff's claims clearly relate to the diagnosis and treatment of serious medical injuries. His baseless assertions to the contrary are without merit. Accordingly, the court again concludes that Plaintiff's claims were properly construed as medical malpractice claims and Plaintiff is required to comply with the pre-filing requirements. He failed to do so, and the Report properly concluded the claims are thus subject to dismissal.

These objections also repeat Plaintiff's dissatisfaction with the dismissal of the deliberate indifference claims as to Edwards and Simpson. These objections are overruled for the reasons discussed above.

ECF No. 62

Plaintiff's objections in ECF No. 62 merely repeat those asserted above as to Jane Doe, John Doe, Williams, Booker, and McCleveland. They are denied for the same reasons discussed above.

ECF No. 64

In ECF No. 64, Plaintiff takes issue with the Report's failure to analyze each of his claims as "equal protection of the laws claims." Plaintiff seems to believe that claims under the Fourteenth Amendment (which provides that a state may not deny any person "equal protection of the laws") are separate and apart from his claims under the Eighth Amendment. However, he is mistaken.

The Eighth Amendment, which is applicable to the States through the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; *Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). "And like inadequate medical care, inadequate conditions of confinement can also constitute a cruel and unusual punishment." *Id.*. Accordingly, the Report correctly concluded that Plaintiff's claims allege a failure to protect and are properly analyzed under the Eight Amendment with no further reference to the equal protection clause necessary.

To the extent Plaintiff is attempting to allege a standalone claim for equal protection under the Fourteenth Amendment. It would nonetheless fail. The Equal Protection Clause, which prohibits States from denying persons "the equal protection of the laws," U.S. Const. amend. XIV, § 1, "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike," *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992). And to state a claim for violation of the Clause, a plaintiff must plausibly allege first "that he has been treated differently from others with whom he is

similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination." *Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017)(cleaned up).

Here, Plaintiff has asserted no facts showing he was treated differently as a result of any intentional discrimination. Accordingly, any claim for equal protection fails and this objection is overruled.

b. **Second Report**

In his next series of objections, Plaintiff combats the Second Report's (ECF No. 66) recommendation that a motion to dismiss filed by the Medical Defendants (ECF No. 65) be granted. The Second Report specifically states that the "Motion should be granted for the reasons previously stated in the [First Repost] and argued by the Medical Defendants in their Motion." *Id*. Stated differently, the Second Report merely reiterates the original analysis as to the Medical Defendants included in the initial Report. Plaintiff's objections to this Second Report are addressed below.

ECF No. 70

Within this objection, Plaintiff repeats his allegations that his claims for medical negligence were improperly construed as medical malpractice claims. These claims fail for the same reasons addressed above.

ECF No. 74

In this objection, Plaintiff takes issue with the fact that the Magistrate Judge did not issue a *Roseboro* order[1] after the motion to dismiss was filed. Although it is true that a *Roseboro* order was never issued, Plaintiff's objection still fails. The Report at ECF No. 66 recommends granting the Motion to Dismiss at ECF No. 65 for the exact same reasons given in the original Report at ECF No. 50. Because Plaintiff had ample opportunity to object to the original Report, any additional response to the superfluous motion to dismiss was unnecessary. Plaintiff has provided dozens of pages of arguments and exhibits contesting the recommended dismissal. Accordingly, he has in no way been prejudiced by the lack of a *Roseboro* order. Thus, this objection is overruled.

ECF No. 101

Within this objection, Plaintiff references apparent ongoing state court lawsuits concerning the same subject matter and requests that the undersigned monitor those state court hearings and proceedings. The undersigned is responsible for the instant federal lawsuit. This court has no duty or authority to oversee parallel state court proceedings. Accordingly, any such request by Plaintiff is frivolous and denied.

---

[1] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that "the [pro se] plaintiff be advised of his right to file counter-affidavits or other responsive material").

## V.     CONCLUSION

After a thorough review of the Reports, the applicable law, and the record of this case, the Court finds no clear error in the Reports. After a *de novo* review of each part of the Reports to which Plaintiff specifically objected, the Court hereby adopts both Reports and Recommendation. (ECF Nos. 50 & 66). For the reasons discussed above and in the Report, Defendants Stirling, Davis, Clark, Kendall, Cleveland, Jane Doe (c066525), Williams, John Doe (c058331), Booker, Hawley, Prisma, Robinson, Thomas, Edwards, and Simpson are dismissed from this action. Plaintiff's Motion to Withdraw and Hold Claims in abeyance (ECF No. 46) is terminated as moot. The Medical Defendants' motion to dismiss (ECF No. 65) is granted. The action remains pending against Defendants A. Jackson, Banks, S. Jackson, Ward, Nelson, and Jones. This matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

December 1, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge